UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONNIE JOHNS,

        Plaintiff,

                                   File No.  2:11-CV-458

v.

                                   HON. ROBERT HOLMES BELL

SEAN A. LOCKHART, et al.,

        Defendants.

_____/

**ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On May 15, 2012, United States Magistrate Judge Timothy P. Greeley issued a report

and recommendation ("R&R") recommending that Plaintiff Ronnie Johns's motions for

default judgment and for ruling on motion for entry of default (Dkt. Nos. 20, 31) be denied,

that Defendants Wilcox and Mosca's motion for summary judgment (Dkt. No. 13) be granted

for failure to exhaust grievances and that they be dismissed without prejudice, that

Defendants Lockhart and Myotte's motion for summary judgment (Dkt. No. 16) be granted,

and that this case be dismissed in its entirety. (Dkt. No. 36, R&R.)  Plaintiff filed objections

to the R&R on February 25, 2013.

This Court is required to make a *de novo* determination of those portions of the R&R

to which specific objection has been made, and may accept, reject, or modify any or all of

the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of

contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the recommendation that Defendants Mosca and Wilcox be dismissed without prejudice for failure to submit a timely grievance. Plaintiff contends that a grievance is "filed " on the date it was "sent", not on the date on which it was "received" by prison officials. *See* Policy Directive 03.02.130 ¶ S. Plaintiff contends that he placed his grievance in the prison mail box on October 22, 2009, as stated in his Step III grievance.

Plaintiff's October 22, 2009, grievance was not received by prison officials until November 2, 2009. At Step I, Plaintiff was advised that his grievance was rejected as untimely because he gave no explanation for the delay in filing. At Step II, Plaintiff's grievance was again rejected because Plaintiff had still given no explanation for the delay in filing. Plaintiff's untimely assertion at Step III that he placed his grievance in the prison mail box in a timely fashion is not sufficient to show that his grievance was not properly rejected at Steps I and II.

Plaintiff also objects to the dismissal of his claims against Defendants Mosca and Wilcox because he claims that there are issues of fact as to whether or not Mosca opened Plaintiff's legal mail or sent it to Defendant Wilcox. This issue of fact is not material to the recommended basis for dismissal, i.e., failure to timely exhaust administrative remedies. Accordingly, this objection lacks merit.

Plaintiff objects to the recommendation that Defendants Myotte and Lockhart be

granted summary judgment because he contends that they failed to cite which federal statute was allegedly violated by his newspaper. Plaintiff's objection lacks merit. Defendants Myotte and Lockhart rejected The American Bulletin newspaper because it advocated or promoted the violation of law, by, among other things, providing instruction on the filing of a false or fraudulent UCC liens. The notice was sufficient to satisfy First Amendment and Substantive Due Process concerns. Accordingly,

   **IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 37) are **OVERRULED**.

   **IT IS FURTHER ORDERED** that the February 7, 2013, R&R (Dkt. No. 36) is **APPROVED** and **ADOPTED** as the opinion of the Court.

   **IT IS FURTHER ORDERED** that Plaintiff's motions for default judgment and for ruling on motion for entry of default (Dkt. Nos. 20, 31) are **DENIED**.

   **IT IS FURTHER ORDERED** that Defendants Wilcox and Mosca's motion for summary judgment (Dkt. No. 13) is **GRANTED** and that the claims against them are **DISMISSED WITHOUT PREJUDICE**.

   **IT IS FURTHER ORDERED** that Defendants Lockhart and Myotte's motion for summary judgment (Dkt. No. 16) is **GRANTED**.

   **IT IS FURTHER CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that an appeal of this action would not be in good faith.


Dated: <u>March 27, 2013</u>                    /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE