UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONNIE JOHNS,

      Plaintiff,

                              Case No. 2:11-CV-458

v.

                              HON. ROBERT HOLMES BELL

SEAN A. LOCKHART, et al.,

      Defendants.
                                        /

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On February 9, 2015, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment (ECF No. 94) be granted and that this case be dismissed in its entirety. (R&R, ECF No. 99.) Plaintiff Ronnie Johns filed objections to the R&R on February 23, 2015. (ECF No. 101.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and

contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the R&R's determination that Plaintiff alleged no violations against Defendant Wilcox. Plaintiff asserts that this determination is erroneous because Plaintiff alleged in his verified complaint that Defendant Wilcox read the contents of his mail and kept it for five days. (Compl. ¶ 22, ECF No. 1.)

Plaintiff does not deny that his mail contained references to the UCC. Neither does he deny that the prison has a legitimate interest in preventing inmates from using the UCC to commit acts of fraud and harassment against government officials. *See Hardin v. Mich. Dep't of Corr.*, No. 1:06 CV 430, 2007 WL 1975102, at *6 (W.D. Mich. Mar. 28, 2007) (noting that the MDOC has a legitimate penological interest in preventing the prisoners' use of UCC and UCC-related materials to perpetrate fraud and harassment against government and prison officials). Reading suspect mail sent to him by KCF staff was Defendant Wilcox's job as an inspector and was reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."). The Court agrees with the Magistrate Judge's determination that the passage of five days, including two weekend days when Defendant Wilcox was not working, for the mail to be sent to the inspector, reviewed, and returned for mailing was minimal and does not constitute an unreasonable delay of constitutional significance.

Plaintiff also objects to the Magistrate Judge's recommendation that Defendant Mosca

be granted summary judgment. Plaintiff asserts that it was unreasonable for Defendant Mosca to open and read Plaintiff's outgoing legal mail after it had already been sealed in view of the fact that Plaintiff had given her the envelopes unsealed and she had already had an opportunity to inspect the mail before sealing it.

Plaintiff does not deny that Defendant Mosca was authorized to inspect his mail pursuant to the MDOC policy on expedited mail. *See* MDOC Policy Directive 05.03.118 ¶¶ J-M, O. Plaintiff's only claim is that Defendant Mosca re-inspected the mail after she had already sealed it. The Court agrees with the Magistrate Judge that, viewing the facts in the light most favorable to Plaintiff, while the alleged violations of the mail policy implicate the First Amendment, the alleged violations are simply too isolated and inconsequential to support a constitutional violation. *See Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009) (noting that blatant, arbitrary, and capricious violations of legal mail handling regulations may violate constitutional protections). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 101) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the February 9, 2015, R&R (ECF No. 99) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 94) is **GRANTED**.

**IT IS FURTHER CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that an appeal of this action would not be in good faith.


Dated:  September 24, 2015                    /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE